1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11   MARCELO LARIOS FERNANDEZ, BOP #87515-298, | Case No.:  3:20-cv-01265-GPC-AHG |
| 12                                    Plaintiff, | **ORDER:** |
| 13   vs. | **1)  GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]** |
| 14   METROPOLITAN CORRECTIONAL CENTER, | |
| 15 | **AND** |
| 16                                  Defendant. | |
| 17 | **2)  DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)** |

22

23          Plaintiff Marcelo Larios Fernandez, currently detained, awaiting trial at the

24   Metropolitan Correctional Center ("MCC") in San Diego, California,[1] and proceeding pro

25   _____

26   [1] Plaintiff was arrested on September 16, 2019 at the San Ysidro Port of Entry by a Customs and Border

27   Protection Officer ("CBPO") and charged with importation of a controlled substance in violation of 21
     U.S.C. §§ 952 and 960. *See United States v. Larios-Fernandez*, 3:19-cr-04102-BAS-1. *See* ECF No. 1

28   ("Complaint"). On September 23, 2019, he was ordered detained pending trial in that case. *Id.*, ECF No.

1

se, initiated this civil action on July 6, 2020 pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Compl., ECF No. 1 at 1. Plaintiff did not pay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. Plaintiff has since filed an Amended Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a), this time invoking jurisdiction pursuant to 42 U.S.C. § 1983. *See* Amend. Compl., ECF No. 3 at 1.

Plaintiff seeks $840,000 in general and punitive damages against the MCC based on claims that unidentified correctional officers or "C/Os" there "abused their power" and inflicted "cruel and unusual punishment" upon him while he was "going to court" on October 14 or 15, 2019. *See* Compl., ECF No. 1 at 2–3, 5; Amend. Compl., ECF No. 3 at 1–3, 7.

## I.    Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he remains obligated to pay the full entire fee in "increments," *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

10. The case was dismissed on the government's oral motion on January 10, 2020. *Id.*, ECF No. 26. On January 9, 2020, however, Plaintiff was indicted by a federal grand jury on one count of importation of heroin in violation of 21 U.S.C. §§ 952 and 960 in the related case entitled *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1. *See id.,* ECF Nos. 1, 2; *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the . . . six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement (or institutional equivalent), the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified prison certificate issued by a Unit Team Case Manager at MCC which attests as to his trust account activity pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. *See* ECF No. 2 at 3; *Andrews*, 398 F.3d at 1119. This certificate indicates Plaintiff maintained an available balance of $67.80 to his credit at the time of filing, had a total of $700 in deposits, and carried an average monthly balance of $69.52 in his account for the 6-month period prior to filing. *See* ECF No. 2 at 3.

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), and assesses an initial partial filing fee of $23.33 pursuant to 28 U.S.C. § 1915(b)(1). However, the Court will direct the Warden of MCC, or his designee, to collect this initial fee only if sufficient funds remain available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28

U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total fee owed in this case must be collected by the MCC or any subsequent agency having custody of Plaintiff and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Screening Pursuant to 28 U.S.C. § 1915(e) and § 1915A(b)

### A. Standard of Review

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2), (h), § 1915A(a)-(c). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). On the other hand, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition, the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

B.   Plaintiff's Allegations

Plaintiff names only the MCC as a Defendant in both his original and his Amended Complaints. *See* Compl., ECF No. 1 at 1–2; Amend. Compl., ECF No. 3 at 1–2. In his original Complaint, Plaintiff invokes federal question jurisdiction pursuant to *Bivens*, *see* Compl. ECF No. 1 at 1, but that pleading was superseded by his Amended Complaint,[2] which cites 42 U.S.C. § 1983 as its statutory basis. *See* Amend. Compl., ECF No. 3 at 1.

In both iterations, Plaintiff alleges that unidentified officers at MCC committed "abuse[s] of power" and violated his right to be "free[] from cruel and unusual punishment" on October 14, 2019, when they "scream[ed] at [him] because [he] had

---

[2] "[A]n amended pleading supersedes the original." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, Inc., 896 F.2d 1542, 1546 (9th Cir. 1989).

trouble taking off [his] uniform" while he was "going to court." *See* Compl. at 5; Amend. Compl. at 3. Plaintiff alleges one officer cuffed him and "put [him] in a small room." *Id.*

Plaintiff claims that when he "told the officer that his handcuffs were to[o] tight," and requested they be loosened or removed, "4 or 5 officers c[a]me into the room" and "started to hit [him] all over." *Id.* Plaintiff claims the officers "hurt [him] pretty bad," cut open his left eye, dragged him across the floor, and "beat [him] upon the back, arms, legs, [and] head … for no reason at all." *See* Amend. Compl. at 3. Plaintiff claims he was transported to Paradise Valley Hospital on October 15, 2019, where he remained for more than two weeks. *Id.* He claims to have sustained injuries to his back, arms, and brain as a result of the beating, and is "still in a lot of pain." *Id.*

C.    42 U.S.C. § 1983

First, "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012); *see also Rawson v. Recovery Innovations, Inc.*, No. 19-35520, __ F.3d __, 2020 WL 5405684, at *3 (9th Cir. Sept. 9, 2020) ("Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law."). Plaintiff is a federal pretrial detainee seeking damages against the MCC for injuries he alleges to have sustained at the hands of unidentified MCC officers while held in their custody.[3] He fails to allege that the MCC or unidentified

---

[3] Because Plaintiff is a pretrial detainee and asserts a violation of his right to be "free[] from cruel and unusual punishment," *see* Amend. Compl. at 3, the Court presumes his claims would arise under the Fifth Amendment's Due Process Clause, which is applicable to the federal government, *see Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008), and not the Eighth Amendment, which only applies *after* conviction. *See Bell v. Wolfish,* 441 U.S. 520, 536–37 (1979) (noting that while due process permits the government to "detain [a person] to ensure his presence at trial and … subject him to the restrictions and conditions of the detention facility," … "those conditions and restrictions [may] not amount to punishment, or otherwise violate the Constitution."); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 n.6 (1989) ("The Eighth Amendment applies 'only after the State has complied with the constitutional guarantees

officers who beat him acted under color of state law. Therefore, he fails to state a claim under § 1983. *Tsao*, 698 F.3d at 1138; *Rawson*, 2020 WL 5405684, at \*3.

D.   *Bivens*

However, because Plaintiff is proceeding pro se and his original Complaint invoked federal jurisdiction pursuant to *Bivens,* the Court will liberally construe the allegations in his Amended Complaint to determine whether they state a plausible claim for relief under *Bivens* and its progeny. *See Iqbal*, 556 U.S. at 675 (assuming, but not deciding, that an equal *Bivens* claim was actionable in order to determine whether plaintiff's complaint stated a claim to relief).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675-76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Thus, to state a *Bivens* claim for damages, the plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated,[4]

---

traditionally associated with criminal prosecutions....[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.'" (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–672, n. 40 (1977)).

[4] The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Although *Bivens* applies to alleged violations of the Fourth Amendment's protection against unreasonable searches and seizures by federal agents, *see Bivens*, 403 U.S. at 391, and to inadequate medical care claims alleged by a federal inmate's decedents under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980), it remains unclear whether a *Bivens* cause action may be pursued by a federal pretrial detainee alleging excessive force. *See e.g., Williams v. Fed. Bureau of Prisons,* No. CV 19-00081 JMS-KJM, 2019 WL 2518444, at \*2 (D. Haw. June 18, 2019) (assuming on screening that *Bivens* applies to pretrial detainee's excessive force and unconstitutional conditions of confinement claims). The Court will assume such a claim may be actionable, and that Plaintiff is not seeking to extend a *Bivens* remedy "to any new context or new category of defendants," *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)—but it does so for initial

and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To the extent Plaintiff seeks to hold the MCC liable for damages incurred at the MCC but committed by unidentified individual officers, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). A *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T[he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485. Indeed, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *Id.* at 486.

Accordingly, because Plaintiff's Complaint alleges constitutional violations on the part of the MCC, the only named Defendant,[5] his Complaint also fails to state a claim upon which *Bivens* relief may be granted and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1127; *Rhodes*, 621 F.3d at 1004.

/ / /

/ / /

---

screening purposes only. *See Self v. Warden, MCC*, 2019 WL 497731, at *4 & n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* applies to pretrial detainee medical care claims); *Iqbal*, 556 U.S. at 677–78 (assuming claims actionable under *Bivens* for purposes of determining whether complaint contained sufficient factual matter, accepted as true, to "state a claim to relief that [wa]s plausible on its face.") (quoting *Twombly,* 550 U.S. at 570).

[5] "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at or OCCC*, 2019 WL 2062945, at *3–4 (D. Haw. May 9, 2019). He must also identify each person by name if he intends to rely upon and eventually direct the U.S. Marshal to effect service of process on his behalf. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); S.D. Cal. CivLR 4.1(c); *Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates,* 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant.").

### E.     Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading in order to address the deficiencies of pleading identified and to name the individual correctional officers he seeks to hold liable. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## III.   Conclusion and Order

For the reasons discussed, the Court:

1)     **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2];

2)     **ORDERS** the Warden of MCC, or his designee, to collect from Plaintiff's trust account the $23.33 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3)     **DIRECTS** the Clerk of the Court to serve a copy of this Order on Warden, Metropolitan Correction Center, 808 Union Street, San Diego, California 92101.

4)     **DISMISSES** Plaintiff's Amended Complaint in its entirety for failing to state a claim upon which either § 1983 or *Bivens* relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).

5)     **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Second Amended Complaint must be complete by itself without reference to either of his previous pleadings. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach*

*Studios, Inc.*, 896 F.2d at 1546; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file a Second Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  September 14, 2020

Hon. Gonzalo P. Curiel
United States District Judge