UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ, BOP #87515-298,<br><br>Plaintiff,<br><br>vs.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br><br>Defendant. | Case No.: 3:20-cv-01265-GPC-AHG<br><br>**ORDER GRANTING LETTER / MOTION REQUESTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 6]** |

Plaintiff Marcelo Larios Fernandez ("Plaintiff"), currently detained, awaiting trial at the Metropolitan Correctional Center ("MCC") in San Diego, California,[1] is proceeding

---

[1] Plaintiff was arrested on September 16, 2019 at the San Ysidro Port of Entry by a Customs and Border Protection Officer ("CBPO") and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. *See United States v. Larios-Fernandez*, 3:19-cr-04102-BAS-1. *See* ECF No. 1 ("Complaint"). On September 23, 2019, he was ordered detained pending trial in that case. *Id.*, ECF No. 10. The case was dismissed on the government's oral motion on January 10, 2020. *Id.*, ECF No. 26. On January 9, 2020, however, Plaintiff was indicted by a federal grand jury on one count of importation of heroin in violation of 21 U.S.C. §§ 952 and 960 in the related case entitled *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1. *See id.,* ECF Nos. 1, 2; *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett*

1

pro se and in forma pauperis ("IFP") in this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I. Procedural History

In both his original and Amended Complaints, Plaintiff sought $840,000 in general and punitive damages against the Metropolitan Correctional Center ("MCC") based on claims that unidentified correctional officers or "C/Os" there "abused their power" and inflicted "cruel and unusual punishment" upon him while he was "going to court" on October 14 or 15, 2019. *See* Compl., ECF No. 1 at 2–3, 5; Amend. Compl., ECF No. 3 at 1–3, 7.

On September 14, 2020, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Amended Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 4. The Court granted Plaintiff forty-five days leave in which to file a Second Amended Complaint that corrected his pleading's deficiencies, but cautioned that should Plaintiff fail to amend in compliance with its Order, his case would be dismissed. *Id*. at 6–10. On November 12, 2020, two weeks after the time to amend expired, but before the Court entered a final dismissal and clerk's judgment, Plaintiff submitted a letter requesting an extension of time in which to amend. *See* ECF No. 6 at 1.

## II. Letter/Motion for Extension of Time

While Plaintiff's request for an extension of time is not timely, it was submitted within two weeks of the Court's deadline, he remains incarcerated, and is proceeding without counsel.[2] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the

---

*v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A Motion Hearing/Trial Setting hearing is date currently set for 12/9/2020 10:30 AM in Courtroom 4B before Judge Cynthia Bashant. *See United States v. Marcelo Larios-Fernandez,* 3:20-cr-0162-BAS-1 (ECF No. 34).

[2] Plaintiff *is* represented by Leila Morgan of Federal Defenders of San Diego, Inc. in *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1.

merits of their claim due to . . . technical procedural requirements."). "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)).

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. *Id.* Rule 6(b) must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (citing Fed. R. Civ. P. 1 "[The Federal Rules] should be construed, administered, and employed . . . to secure the judge, speedy, and inexpensive determination of every action and proceeding."); *accord Turner v. Tierney,* 678 F. App'x 580, 581 (9th Cir. 2017).

Although Plaintiff's does not explain the circumstances preventing his timely compliance with the Court's September 14, 2020 Order, his Amended Complaint was dismissed in part because he failed to name the individual officer or officers who are alleged to have used unreasonable force against him as Defendants. *See* ECF No. 4 at 8 (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only.")). Plaintiff now requests an extension of time to amend so that he can "get the name of the officer that beat [him] up [and] and hit [him] for no reason." *See* ECF No. 6 at 1. Construing this request in the light most favorable to him, and recognizing that a *Bivens* action cannot proceed otherwise, the Court finds good cause to grant Plaintiff the extension he seeks. *See Eldridge*, 832 F.2d at 1136.

### III.  Conclusion and Order

For the reasons discussed, the Court **GRANTS** Plaintiff's Letter/Motion requesting an extension of time in which to file his Second Amended Complaint (ECF No. 6). Plaintiff must file his Second Amended Complaint with the Clerk of the Court on or before Monday, **December 18, 2020**. His Second Amended Complaint must cure all the deficiencies of

pleading explained in the Court's September 14, 2020 Order and must be complete by itself without reference to his previous pleadings. Any Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*, 896 F.2d at 1546 ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file his Second Amended Complaint on or before **December 18, 2020**, the Court will enter a final Order dismissing the case based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: November 17, 2020

Hon. Gonzalo P. Curiel
United States District Judge