UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ, BOP #87515-298,<br><br>                                    Plaintiff,<br><br>vs.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br><br>                                    Defendant. | Case No.:  3:20-cv-01265-GPC-AHG<br><br>**ORDER GRANTING *SECOND* LETTER / MOTION REQUESTING EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**<br><br>**[ECF No. 9]** |

Plaintiff Marcelo Larios Fernandez ("Plaintiff"), currently detained, awaiting trial at the Metropolitan Correctional Center ("MCC") in San Diego, California,[1] is proceeding

---

[1] Plaintiff was arrested on September 16, 2019 at the San Ysidro Port of Entry by a Customs and Border Protection Officer ("CBPO") and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. *See United States v. Larios-Fernandez*, 3:19-cr-04102-BAS-1. *See* ECF No. 1 ("Complaint"). On September 23, 2019, he was ordered detained pending trial in that case. *Id.*, ECF No. 10. The case was dismissed on the government's oral motion on January 10, 2020. *Id.*, ECF No. 26. On January 9, 2020, however, Plaintiff was indicted by a federal grand jury on one count of importation of heroin in violation of 21 U.S.C. §§ 952 and 960 in the related case entitled *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1. *See id.,* ECF Nos. 1, 2; *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the

pro se and in forma pauperis ("IFP") in this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I.     Procedural History

In both his original and Amended Complaints, Plaintiff sought $840,000 in general and punitive damages against the Metropolitan Correctional Center ("MCC") based on claims that unidentified correctional officers or "C/Os" there "abused their power" and inflicted "cruel and unusual punishment" upon him while he was "going to court" on October 14 or 15, 2019. *See* Compl., ECF No. 1 at 2–3, 5; Amend. Compl., ECF No. 3 at 1–3, 7.

On September 14, 2020, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Amended Complaint sua sponte for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 4. The Court granted Plaintiff forty-five days leave in which to file a Second Amended Complaint that corrected his pleading deficiencies, but cautioned that should Plaintiff fail to amend in compliance with its Order, his case would be dismissed. *Id*. at 6–10. On November 12, 2020, two weeks after the time to amend expired, but before the Court entered a final dismissal and clerk's judgment, Plaintiff submitted a letter requesting an extension of time in which to amend. *See* ECF No. 6 at 1. On November 17, 2020, the Court granted Plaintiff's request for more time to amend, and ordered him to file his Second Amended Complaint on or before December 18, 2020. *See* ECF No. 7 at 3-4. Plaintiff did not comply. Instead, on December 18, 2020, Plaintiff submitted another letter requesting an extension of time and asking for "help" identifying the Defendants. *See* ECF No. 9 at 1.

/ / /

---

federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). A Motion Hearing/Trial Setting hearing is date currently set for 2/10/2021 at 10:30 AM in Courtroom 4B before Judge Cynthia Bashant. *See United States v. Marcelo Larios-Fernandez,* 3:20-cr-0162-BAS-1 (ECF No. 41).

## II. Second Letter/Motion for Extension of Time

Plaintiff's second request for an extension of time was timely filed, he remains incarcerated, and is proceeding without counsel.[2] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). "'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967)).

Pursuant to Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the court may grant an extension of time for "good cause" if the moving party requests the extension before the applicable deadline expires. *Id.* Rule 6(b) must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1255 (9th Cir. 2010) (citing Fed. R. Civ. P. 1 "[The Federal Rules] should be construed, administered, and employed . . . to secure the judge, speedy, and inexpensive determination of every action and proceeding."); *accord Turner v. Tierney,* 678 F. App'x 580, 581 (9th Cir. 2017).

Although Plaintiff does not point to any circumstances of his confinement which have prevented timely compliance with the Court's September 14, 2020 or November 17, 2020 Orders, his Amended Complaint was dismissed in part because he failed to name the individual officer or officers who allegedly used unreasonable force against him, and he now explicitly requests the Court's assistance in identifying them. *See* ECF No. 4 at 8 (citing *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) ("[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only.")); *see also* ECF No. 9 at 1.

---

[2] Plaintiff *is* represented by Leila Morgan of Federal Defenders of San Diego, Inc. in *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1.

Thus, construing his request in the light most favorable to him, and recognizing again that a *Bivens* action cannot proceed until and unless Plaintiff alleges a constitutional violation committed by named federal officials acting in their individual capacity and under color of federal law, *see Van Strum v. Lawn,* 940 F.2d 406, 409 (9th Cir. 1991); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987), the Court finds good cause once more to grant Plaintiff the extension he seeks. *See Eldridge*, 832 F.2d at 1136.

The Court cannot, however, identify the Defendants for him. Pro se plaintiffs are given "special dispensation" when the Court liberally construes their pleadings. *Belknap v. Alphabet, Inc.,* No. 3:20-CV-1989-SI, 2020 WL 7049088, at *2 (D. Or. Dec. 1, 2020) (citing *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010)). But Fed. R. Civ. P. 10(a) requires *all* plaintiffs to "name all the parties," and "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986). "[T]he trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." *Jacobsen v. Filler*, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986) (quoting *United States v. Pinkey*, 548 F.2d 30, 311 (10th Cir. 1977)).

### III. Conclusion and Order

Accordingly, the Court **GRANTS** Plaintiff's Second Letter/Motion requesting an extension of time in which to file his Second Amended Complaint (ECF No. 9). Plaintiff must file a Second Amended Complaint with the Clerk of the Court on or before Monday, **March 1, 2021**.

Plaintiff's Second Amended Complaint must cure all the deficiencies of pleading explained in the Court's September 14, 2020 Order and must be complete by itself without reference to his either of his prior pleadings. Any Defendants not named and any claim not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*,

693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

If Plaintiff fails to file his Second Amended Complaint on or before **March 1, 2021**, the Court will enter a final Order dismissing the case based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute. *See Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action."). *No further extensions of time will be granted*.

**IT IS SO ORDERED.**

Dated: January 7, 2021

Hon. Gonzalo P. Curiel
United States District Judge