UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ,<br><br>                                     Plaintiff,<br><br>v.<br><br>METROPOLITAN CORRECTIONAL CENTER,<br><br>                                   Defendant. | Case No.: 3:20-cv-01265-GPC-AHG<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION REQUESTING A COURT ORDER FOR SURVEILLANCE VIDEOS**<br><br>**[ECF No. 16]** |

     Before the Court is Plaintiff Marcelo Larios Fernandez's ("Plaintiff") Motion Requesting a Court Order for the Surveillance Videos and Metropolitan Correctional Center's ("MCC") Officers' Names for Second Amended Complaint. ECF No. 16. For the reasons set forth below, the Court **DENIES** the motion **without prejudice**.

**I.    BACKGROUND**

     Plaintiff, currently detained and awaiting sentence at MCC, proceeding *pro se* and *in forma pauperis* ("IFP"), filed this civil action pursuant to *Bivens v. Six Unknown Named*

*Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On September 14, 2020, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Amended Complaint *sua sponte* for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). ECF No. 4. The Court granted Plaintiff leave to file a Second Amended Complaint that corrected his pleading deficiencies. *Id*. at 6–10. On November 17, 2020, the Court granted Plaintiff's request for more time to amend, and ordered him to file his Second Amended Complaint on or before December 18, 2020. ECF No. 7 at 3–4. On December 18, 2020, Plaintiff submitted a letter requesting an extension of time and asking for help identifying the defendants. ECF No. 9 at 1. On January 7, 2021, the Court granted Plaintiff's second motion for an extension of time to amend, but denied his request for assistance identifying the defendants he seeks to sue. ECF No. 10 at 4. Plaintiff was ordered to file his Second Amended Complaint no later than March 1, 2021. *Id*. at 5. On February 26, 2021, Plaintiff filed a motion requesting another extension of time. ECF No. 13. On March 9, 2021, the Court granted Plaintiff's third motion for an extension of time to amend, based on his representation that he "no longer bases his request on the need for pre-suit investigation or discovery, [and now] needs 60 additional days to obtain access to the computer for case law and does not have access to a law library at MCC." ECF No. 14 at 3 (internal quotations omitted). Plaintiff was ordered to file his Second Amended Complaint no later than May 10, 2021, and the Court explicitly advised that no further extensions of time would be granted. *Id*. at 5.

**II.   DISCUSSION**

Since no operative amended complaint is on file, Defendant has not answered; therefore, no Scheduling Order has been issued, which details the discovery deadlines in the case. *See* CivLR 16.1(e)(8) ("ENE conferences will not be set in Section 1983 cases"); *see also* FED. R. CIV. P. 26(a)(1)(B)(iv) (initial disclosures are exempt in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision"); FED. R. CIV. P. 26(f)(1) (a proceeding that is exempt from initial disclosures is also exempt from a Rule 26(f) conference). In the instant motion, Plaintiff seeks

expedited discovery. ECF No. 16. Plaintiff requests that the Court order Defendant to produce surveillance videos from October 15, 2019, so Plaintiff can review them,[1] find the officers' names from the footage, and use those names in his Second Amended Complaint. *Id*. at 2.

Generally, a party may not conduct discovery before being authorized by the Federal Rules of Civil Procedure, by court order, or by stipulation. *See* FED. R. CIV. P. 26(d)(1). When evaluating a request for expedited discovery, courts have applied the "good cause" standard. *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Courts have broad discretion in determining whether there is good cause. *See, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. The discovery sought, however, must be relevant, and there must be good cause to provide immediate access to the discovery sought rather than postponing its ultimate production during the course of the proceedings. *Id*. "The court must perform this evaluation in light of 'the entirety of the record ... and the reasonableness of the request in

---

[1] To the extent that Plaintiff requests that the Court "obtain[] the surveillance videos, review them, and get the officer names from the footage," this request is denied. As the District Court has previously noted in this case:

> The Court cannot, however, identify the Defendants for him. Pro se plaintiffs are given "special dispensation" when the Court liberally construes their pleadings. [] But Fed. R. Civ. P. 10(a) requires all plaintiffs to "name all the parties," and "[p]ro se litigants must follow the same rules of procedure that govern other litigants." [] "[T]he trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket." []

ECF No. 10 at 4 (internal citations omitted).

light of all the surrounding circumstances.'" *Facebook v. Various, Inc.*, No. C-11-01805-SBA-DMR, 2011 WL 2437433, at *2 (N.D. Cal. June 17, 2011) (quoting *Semitool*, 208 F.R.D. at 275). In determining whether good cause justifies expedited discovery, courts commonly consider factors including: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *American LegalNet v. Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009)); *see cf. Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999) (to determine whether good cause exists to permit expedited discovery to identify John Doe defendants, considering whether the plaintiff (1) "identif[ies] the missing party with sufficient specificity such that the Court can determine that the defendant is a real person or entity who could be sued in federal court"; (2) "identif[ies] all previous steps taken to locate the elusive defendant" to ensure that plaintiff has made a good faith effort to identify the defendant; and (3) "establish[es] to the Court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss.").

Here, Plaintiff has not demonstrated the administration of justice is outweighed by the prejudice to Defendant sufficient to permit expedited discovery. Of note, Plaintiff has not demonstrated that his suit could withstand a motion to dismiss. No preliminary injunction is pending, and Plaintiff is seeking discovery months before it would traditionally occur in a case. Plaintiff has also not shown that the information he seeks is relevant.[2] *Compare* ECF No. 16 (seeking surveillance footage from October 15, 2019) *with*

---

[2] To the extent Plaintiff is seeking information relating to the underlying charge for which he is awaiting sentence, this is also not relevant to Plaintiff's instant case regarding alleged violations of his rights by officers at MCC. *See* ECF No. 16 at 3 ("the main issue here is by failing to turn over exculpatory evidence, [and] by proceeding [] against Plaintiff without probable cause").

ECF No. 4 at 5–6 (alleging that the incident occurred on October 14, 2019). Moreover, Plaintiff has not named any "Doe" defendants in his complaint. Plaintiff named MCC as the sole defendant, which the District Court also pointed out when it *sua sponte* dismissed Plaintiff's complaint. ECF No. 4 at 8 n.5 (explaining that "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights") (internal quotation marks omitted); *see Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14cv760-BAM, 2015 U.S. Dist. LEXIS 96335, at *22–*24 (E.D. Cal. July 23, 2015) (permitting incarcerated plaintiff to discover the names of the CDCR employees via subpoena for Does 11–20, certain employees who worked in plaintiff's housing unit on the date in question, after plaintiff's complaint survived a motion to dismiss).

In a civil rights action brought by a prisoner without the assistance of counsel, early discovery is available in certain additional circumstances. The Ninth Circuit permits discovery "'where the identity of the alleged defendant is not known prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)); *see also Coreno v. Hiles*, 09-cv-2504-LAB-POR, 2010 WL 2404395, at *3 (S.D. Cal. June 14, 2010). Here, Plaintiff has not established that his yet-to-be-filed amended complaint would not be dismissed on other grounds.[3] Thus, since no operative amended complaint is on file, Plaintiff's request is premature. After amending the complaint, alleging specific facts showing how each particular Doe defendant violated Plaintiff's

---

[3] The Court also questions whether the method of discovery Plaintiff seeks would uncover the identities of the defendants, as surveillance footage would not be as reliable at gathering names (e.g., from small name tags and depending on the camera angle), as employee check-in records from that date.

rights, and passing the Court's § 28 U.S.C. §§ 1915(e)(2)(B) and § 1915A(b) screening, the Court will consider a renewed motion for expedited discovery.

### III.   CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's motion **without prejudice**. ECF No. 16.

**IT IS SO ORDERED.**

Dated:  April 13, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge