

FILED

MAY 11 2021

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MARCELO LARIOS FERNADEZ,
BOP # 87515-298,

Plaintiff,

VS,

METROPOLITAN CORRECTIONAL
CENTER

Defendant,

Case No: 3:20-cv-01265-GPC-AHG

FILE SECOND AMENDED

(1) violation of Constitutional right MCC officers

(2) violation of civil Rights by MCC officers

[ ECF NO. 6 ]

According to the record, Plaintiff Marcelo Larios Fernandez ("Plaintiff"), is currently detained, awaiting sentenced at Metropolitan Correctional Center ("MCC") in San Diego, California is proceeding Pro Se.

Background

Plaintiff was arrested on September 16, 2019 at the

San Ysidro Port of Entry by Customs and Border Protection Officer ("CBPO") and charged with importation of a controlled substance in violation of 21 U.S.C. 3 § 952 and 960. See United States v. Larios-Fernandez, 3:19-cr-04102-BAS-1. See ECF No. 1 ("complaint").

1.  Procedural History

The record shows that in both his Original and Amended Complaints, Plaintiff sought $840,000 in general punitive damages against the Metropolitan Correctional Center ("MCC") based on claims that unidentified correctional officer or "C/O" there "abused their power" meaning the C/Os physically assaulted Plaintiff on the head and body by brutally beaten and harrassed by correctional officers.

Plaintiff has also address this court that the C/Os abuse of power have inflicted "cruel and unusual punishment" due to lockdowns by Covid-19 and the brutal beaten upon him while he was "going to court" on October 14 or 15, 2019. See Coml, ECF No.1 at 2-3; Amend. Compl., ECF No. 3 at 1-3, 7.

1

Basically, most inmates have trouble taking off [their] jumpsuit, uniforms due to the way they have been designed. Mr. Fernandez also had trouble taking off on that date "going to court." See Compl. at 5; Amend. Compl. at at 3. Plaintiff alleges one officer cuffed him and "put [him] in a small room." Id.

Plaintiff claims that when he "told the officer that his handcuffs were to[o] tight." and requested they be loosened or removed." 4 or 5 officers including a sgt c[a]me into the room" and "started to brutally beaten [him] until he was unconcious on the floor." Id. Plaintiff claims the officers "hurt [him] pretty bad," cut open his left eye, dragged him across the floor, and "beat [him] all over upon the back, arms, legs, [and] head... Knowingly seeing him had, head surgery in the past and this awful acts were done for no reason at all." See Amend, Compl. at 3. Plaintiff claims he was transported to Paradise Valley Hospital on October 15, 2019, where he remained for more than two weeks. Id. He claims to have sustained injuries to his back, arms, and brain

as a result of the beating, and is still in a lot of pain on his neck, head, ribs and back. He also face vision problems as well loss of memory. Id.

According to 42 U.S.C. § 1983. First. "[To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of United States. and (2) that the deprivation was committed by a person acting under color of state law." Tsao V. Desert Palace, Inc., 698 F. 3d 1128, 1138 (9th Cir. 2012); see also Rawson V. Recovery Innovations, Inc., No 19-35520, _ F. 3d _. 2020 WL 5405684; at *3 (9th Cir, Sept, 9, 2020) (" Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law."). Plaintiff is a federal pretrial detainee seeking damages against the MCC for injuries he alleges to have sustained at the hands of unidentified MCC officers while held in their custody.3

The court has stated several times that the Plaintiff has fail to allege that the MCC or unidentified

3

Pursuant to Bivens v. Six unknown named agents of the Federal Bureau of Narcotics. 403 U.S. 388(1971).

Accordingly, to the record Plaintiff has not been able to provide this court with the BOP officers names as legal and factual support with sufficient evidence due lack of cooperation of the government from MCC. In their recent investigation they never admitted to any wrong-doing hardly demonstrated that its underlying conduct was substantially justified. Instead the MCC officers who comitted such depravetion against Mr. Fernandez, rely heavily on this court to deny liability and relief for the plaintiff; when they settle the case. However, I can not substitute for a showing that the underlying conduct was justified to a degree that would satisfy a reasonable person.

Here, however, Plaintiff have not submit any evidence to support his claim, nor have been able to produce any, but he rely on the medical records to produce the officers names but medical has not comply with my request either. Accordingly, to Exh. A, the government has failed to meet its burden

4

of cooperation of the BOP's internal investigation. The MCC was not cooperative or sympathetic and helpful at all throughout the pendency of the action. But plaintiff has his last source as declaration as evidence since, BOP officials have been less than cooperative now, I am submitting two expert witness names from a nurse and a psychologist who happen to be working on that particular day of the alleged assault. The nurse took the medical report and determine that I needy to go to the hospital due to the insuries on my face and body after the beaten on October 15, 2019 at MCC facility.

Here, Plaintiff has engage an intensive and complex litigation in effort to good result and I believe that under special circumstance this court would allow both expert witnesses to testiey in behalf of Mr. Fernandez. Mr. Fernandez would have to subpoena both expert witness. The nurse Mr. Castro who took the medical report and the psychologist Ms. Goldberry because they witness the result of the beaten before and after two weeks that I went to Paradise Hospital to cure my wounds.

5

Now, plaintiff has submitted both expert witnesses as discovery evidence to support my allegations on this civil matter. This evidence alone contradicted bordeline frivolous civil procedures argument against Defendant. In fact, the government has not demonstrated neither reasonable or unreasonable in this civil complaint.

It is fair to say, that this court more likely has view this civil complaint under the standards for qualified immunity because my reques for the surveillance videos was denied. It is true that the police are entitled to qualified immunity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known", Liston v. County of Riverside. 120 F. 3d. 965, 975 (9th Cir 1997), citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396 102 S. Ct. 2727 (1982). The qualified immunity defense allows for errors in judgment and protects " all but the plainly

incompetent or those who knowingly violate the law... if officers of reasonable comeetence could disagree on the issue [whether or not a specific action was constitutional], immunity should be recognized." Malley v. Briggs, 475 U.S. 335, 341, 89 L.Ed. 2d 271, 106 S. Ct. 1092 (1986); see also Knox v. Southwest Airlines, 124 F. 3d 1103, 1107 (9th Cir. 1997) ("The test allows ample room for reasonable error on the part of the [government official]").

"A court must determine whether, in the light of clearly established principles governing the conduct in question, the officers objectively could have believed that his conduct was lawful." Watkins. V. City of Oakland, 145 F. 3d 1087, 1092 (9th Cir, 1998). Qualified immunity is a legal issue tobe decided by the court and at the earliest possible time in the litigation. Act Up!/Portland v. Bagley, 988 F. 2d 868, 872 (9th Cir. 1992) (internal quatations omitted).

## Conclusion

As stated above these unknown BOP officers

7

committed a felony by beating Mr. Fernandez by the use or threatened imminent use of physical force against a person.

Therefore, this court can not simply ignored those BOP officers depravation " unreasonable conduct" and only focus in Federal court Procedures stablished Principles.

Finally, Plaintiff sued this MCC facility under 42 U.S.C. § 1993 for unreasonable and excessive use of force, and deprivation of civil rights under state and Federal constitution to be free from: (1) the infliction of excessive force: (2)" summary punishment." and (3) the threat of the deprivation of his life and liberty without due process. Plaintiff also seeks to recover $ 840,000 for his personal injuries, which include permanent facial scarring damage. Plaintiff asserts state claims for battery and negligence, as well.

Respectfully Submitted    (S) _Larios M._

Dated May 7, 2021

## Proof of Service

I served Second Amended of the time at the Southern Distric Court in San Diego California

I Marcelo Fernandez, am over the age of 18 years old acting Pro se in this civil matter

I declare under penalty of perjury under the Laws of the Unite States and state of California that the foregoing is true and correct.

Executed on May 7, 2021 at San Diego California

(s) _Larios-M._

TRULINCS 87515298 - LARIOS-FERANDNEZ, MARCELO - Unit: SDC-I-A    EXHIBIT A

---

FROM: AW Programs
TO: 87515298
SUBJECT: RE:***Inmate to Staff Message***
DATE: 04/19/2021 08:57:04 AM


We provided your request to the appropriate department for their review and investigation.
Thank you.

>>> On 4/16/2021 at 6:05 PM, <87515298@inmatemessage.com> wrote:

To: Warden
Inmate Work Assignment: N/A

I Marcelo Larios Fernandez request the Lt. Travers, Captain Gonzales and AG Warden Williams to provide Mr. Fernandez with the surveillance videos from Dinning room floor of March 3, 2021 at about 6:00 pm. I was walking across the dinning room when I fell hard on my face and back due to excess of wax and water on the slippery floor. I need these videos because I am no getting the proper medical care, instead the doctor and health services unit has only recommend to continue to use pain medication as (Tylenol, Motrin, or Naproxen.) Realistic speaking basic medicine pills are not going to control the severe pain in my lower back nor going to determine my lumber disc suffering pain. Mr. Fernandez contends that he is not been adequately exam by a MRI or seen by a chiropractor. So, he has no other choice than to find another solution to proceed seeking declaratory and monetary relief under 42. U.S.C. S 1993

Marcelo Larios Fernandez
Reg # 87515-298
Metropolitan Correctional Center
808 Union Street
San Diego, California 92101

LEGAL MAIL

87515-298
U.S. District Court
333 W Broadway
Suite 420
SAN Diego, CA 92101
United States
Att: Clerk

MAY 11 2021
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
RECEIVED

FOREVER / USA
FOREVER / USA
FOREVER / USA
FOREVER / USA



INMATE CORRESPONDENCE
I-UNIT

METROPOLITAN CORRECTIONAL CENTER
**808 UNION STREET**
**SAN DIEGO, CALIFORNIA 92101**
DATE: 5/10-21

The enclosed letter was processed through special
mailing procedures for forwarding to you. The letter has
been neither opened nor inspected. If the writer raises
a question or problem over which this facility has
jurisdiction, you may wish to return the material for
further information or clarification. If the writer encloses
correspondence for forwarding to another addressee,
please return the enclosure to the above address.

Mail Room Officer