UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ<br>BOP #87515-298,<br><br>                     Plaintiff,<br><br>vs.<br><br>METROPOLITAN CORRECTIONAL CENTER; C/O SANDOVAL,<br><br>                     Defendants. | Case No.: 3:20-cv-01265-GPC-AHG<br><br>**ORDER:**<br><br>**1) DISMISSING SECOND AMENDED AND SUPPLEMENTAL SECOND AMENDED COMPLAINTS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2) AND 28 U.S.C. § 1915A(b)**<br>**[ECF Nos. 20, 22]**<br><br>**2) DENYING REQUEST FOR U.S. MARSHAL SERVICE AS PREMATURE [ECF No. 25]**<br><br>**AND**<br><br>**3) GRANTING LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Plaintiff Marcelo Larios Fernandez ("Plaintiff"), currently convicted, but awaiting sentence at the Otay Mesa Detention Center in San Diego, California,[1] is proceeding pro

---

[1] Plaintiff was arrested on September 16, 2019, at the San Ysidro Port of Entry by a Customs and Border Protection Officer and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952

se and in forma pauperis ("IFP") in this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

## I.     Procedural History

In both his original and Amended Complaints, Plaintiff sought $840,000 in general and punitive damages against the Metropolitan Correctional Center ("MCC") based on claims that unidentified correctional officers or "C/Os" there "abused their power" and inflicted "cruel and unusual punishment" upon him while he was "going to court" on October 14 or 15, 2019. *See* Compl., ECF No. 1 at 2–3, 5; Amend. Compl., ECF No. 3 at 1–3, 7.

More than a year ago, on September 14, 2020, the Court granted Plaintiff's Motion to Proceed IFP, but dismissed his Amended Complaint sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See* ECF No. 4. The Court liberally construed Plaintiff's claims to arise under *Bivens* instead of 42 U.S.C. § 1983 as his Amended Complaint alleged, because he sought monetary damages against unidentified federal, not state actors. *See id.* at 6–8. However, because Plaintiff named only the MCC as a Defendant, his Amended Complaint was dismissed for failing to state a claim upon which *Bivens* relief could be granted. *Id.* at 8–9. The Court granted Plaintiff 45 days leave in which to file a Second Amended Complaint that corrected his pleading deficiencies, but cautioned that should he fail to amend in compliance with its Order, and specifically, identify the

---

and 960. *See United States v. Larios-Fernandez*, 3:19-cr-04102-BAS-1. *See* ECF No. 1 ("Complaint"). On September 23, 2019, he was ordered detained pending trial in that case. *Id.*, ECF No. 10. The case was dismissed on the government's oral motion on January 10, 2020. *Id.*, ECF No. 26. On January 9, 2020, however, Plaintiff was indicted by a federal grand jury on one count of importation of heroin in violation of 21 U.S.C. §§ 952 and 960 in the related case entitled *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1. *See id.*, ECF Nos. 1, 2; *Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Plaintiff entered a Change of Plea to a superseding Information on February 8, 2021, and a sentencing hearing date is currently set for October 18, 2021, before the Honorable Cynthia Bashant. *See United States v. Marcelo Larios-Fernandez,* 3:20-cr-0162-BAS-1 (ECF Nos. 47–49, 59).

individual MCC officers alleged to have assaulted him, his case would be dismissed. *Id.* at 8–10. On November 12, 2020, two weeks after the time to amend expired, but before the Court entered a final dismissal and clerk's judgment, Plaintiff submitted a letter requesting an extension of time in which to amend. *See* ECF No. 6 at 1.

On November 17, 2020, the Court granted Plaintiff's request for more time to amend, and ordered him to file his Second Amended Complaint on or before December 18, 2020. *See* ECF No. 7 at 3-4. Plaintiff did not comply. Instead, on December 18, 2020, he submitted another letter requesting an extension of time and asking for help identifying the Defendants. *See* ECF No. 9 at 1.

On January 7, 2021, the Court granted Plaintiff's second motion for an extension of time to amend, but denied his request for assistance identifying the MCC officers he seeks to sue. *See* ECF No. 10 at 4. Plaintiff was ordered to file his Second Amended Complaint no later than March 1, 2021, and explicitly advised that no further extensions of time would be granted. *Id.* at 5. But on February 26, 2021, Plaintiff filed a third motion requesting an extension of time, this time claiming he needed 60 more days to "access to the computer [at MCC] for case law." *See* ECF No. 13 at 1–2. On March 9, 2021, the Court once again granted Plaintiff's request and gave him until May 10, 2021 to submit his pleading, but cautioned that his requests for extension of time "must end somewhere." *Id.* at 4.

In lieu of amendment, on April 13, 2021, Plaintiff filed another motion, this time requesting expedited discovery. *See* ECF No. 19. But Magistrate Judge Goddard quickly denied Plaintiff's request as premature, in part because he did not show good cause or establish that his "yet-to-be-filed amended complaint would not be dismissed on other grounds." *See* ECF No. 17 at 5 (citing *Wakefield v. Thompson*, 177 F. 3d 1160, 1163 (9th Cir. 1999); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

A week later, on April 22, 2021, Plaintiff filed a fourth motion requesting extension of time to amend. *See* ECF No. 18. Plaintiff claimed he was "still waiting" for a response to his medical records request from the Health Services Unit at MCC, and

believed he would have "better luck" discovering the true names of the officers he wishes to hold liable for the "beat[ing]" he claims to have sustained once MCC officials released his medical records. *Id.* at 2. Based on these allegations, on May 4, 2021, the Court granted Plaintiff one final extension of time in which to amend. *See* ECF No. 19.

On May 12, 2021, Plaintiff filed his Second Amended Complaint ("SAC") (ECF No. 20). Soon after, however, on May 20, 2022, Plaintiff filed a subsequent document entitled "Second Amended (1) Violation of Constitutional Right MCC Officers (2) Violation of Civil Rights by MCC Officers." *See* ECF No. 22 ("Supplemental SAC"). In this document, Plaintiff requests the Court's permission to "submit[] the second part of [his] Second Amended [Complaint] with one of the officers['] name." *See id.* at 4. Plaintiff then identifies C/O Sandoval as "responsible for [his] beating, because he "happen[ed] to be working on the floor when [he] was beat[en]" and was "the first officer who began beating [him]." *Id.* He has since submitted a letter to the Court requesting U.S. Marshal Service upon C/O Sandoval. *See* ECF No. 25.

Thus, because Plaintiff's SAC names only the MCC as a Defendant, but his Supplemental SAC now identifies both the MCC and Correctional Officer Sandoval as Defendants, the Court will liberally construe and consider both pleadings together in order to determine whether Plaintiff now states a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and concurrently decide whether U.S. Marshal service pursuant to 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3) upon C/O Sandoval is yet warranted.[2]

---

[2] "A document filed pro se is 'to be liberally construed,' and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam) (noting that the liberal construction of a pro se litigant's pleadings "is particularly important in civil rights cases"); *Jeffries v. Foodland Grocery*, No. CV 20-00304 JMS-RT, 2020 WL 5505123, at *2 n.3 (D. Haw. Sept. 11, 2020) (liberally construing original pro se complaint, exhibits, and amended complaint together for purposes of initial screening pursuant to 28 U.S.C. § 1915A, but advising plaintiff that any future amended complaint "must be a stand-alone document without reference to other filings" because "piecemeal additions" are not an appropriate means to amend); *see also* S.D. Cal. CivLR

## II. Screening of SAC & Supplemental SAC

As Plaintiff now knows, the Prison Litigation Reform Act ("PLRA") requires the Court to review complaints filed by all persons proceeding IFP and by those, like him, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these statutes, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (citing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

### A. Standard of Review

"The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

---

15.1 ("Every pleading to which an amended is … allowed by court order[] must be complete in itself without reference to the superseded pleading.").

are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts "have an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations" were not "sufficient to withstand a motion to dismiss." *Id.*

B.  Allegations in SAC & Supplemental SAC

Plaintiff's SAC, like his original Complaint and Amended Complaints, contains few facts and instead simply recounts his previous allegations and the procedural history of his case. *See* ECF No. 20 at 2–6. As before, Plaintiff continues to broadly conclude only that several "unknown BOP officers" at MCC inflicted "cruel and unusual punishment" upon him while he was "going to court" on October 14 or 15, 2019. *Id.* at 2. On that day, Plaintiff contends he "had trouble taking off [his] jumpsuit," complained that his handcuffs were too tight, and requested they be loosened or removed. *Id.* at 3. In response, Plaintiff alleges he was placed in a small room where "4 or 5

officers, including a SGT … beat [him] all over upon the back, arms, legs [and] head." *Id.* Only in his Supplemental SAC does Plaintiff now identify C/O Sandoval as "the first officer who began the beating." *See* ECF No. 22 at 4. On October 15, 2019, he was transported to Paradise Valley Hospital "where he remained for more than two weeks." *See* ECF No. 20 at 3. Plaintiff claims to have sustained back, arm, brain, and vision injuries as result of the incident, and seeks to recover $840,000 in damages "under 42 U.S.C. § 1983 for unreasonable and excessive use of force." *Id.* at 3–4, 9.

Plaintiff's SAC and his Supplemental SAC still name the MCC as a Defendant, however, and he admits that, with the exception of C/O Sandoval, he has not "able to provide this court with the [other] BOP officers['] names," despite his efforts to discover them through the production of his medical records. *See* ECF No. 20 at 5, 7; ECF No. 22 at 4.

C.   42 U.S.C. § 1983

First, as the Court noted in its previous screening Order, "[t]o establish § 1983 liability, Plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012); *see Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020) ("Pursuant to § 1983, a defendant may be liable for violating a plaintiff's constitutional rights only if the defendant committed the alleged deprivation while acting under color of state law."). Plaintiff remains in federal custody and seeks damages against the MCC for injuries he alleges to have sustained at the hands of mostly unidentified MCC officers in October 2019 before he entered a change of plea on February 8, 2021.[3] He fails to allege

---

[3] Because Plaintiff was a pretrial detainee in October 2019, and he asserts a violation of his right to be "free[] from cruel and unusual punishment," *see* SAC at 2, the Court presumes his claims would arise under the Fifth Amendment's Due Process Clause, which is applicable to the federal government, *see Bingue v. Prunchak,* 512 F.3d 1169, 1174 (9th Cir. 2008), and not the Eighth Amendment, which only applies *after* conviction. *See Bell v. Wolfish*, 441 U.S. 520, 536–37 (1979) (noting that while due process permits the government to "detain [a person] to ensure his presence at trial and … subject him to the

that the MCC or any MCC officer alleged to have beaten him acted under color of state law. Therefore, he fails to state a claim under § 1983. *Tsao*, 698 F.3d at 1138; *Rawson*, 975 F.3d at 747.

D. *Bivens*

However, because Plaintiff is proceeding pro se and his original Complaint invoked federal jurisdiction pursuant to *Bivens,* the Court will continue to liberally construe the allegations in his SAC and his Supplemental SAC to determine whether they state a plausible claim for relief under *Bivens* and its progeny. *See Iqbal*, 556 U.S. at 675 (assuming, but not deciding, that a Fifth Amendment equal protection *Bivens* claim was actionable in order to determine whether plaintiff's complaint stated a claim to relief).

"In *Bivens*, the Supreme Court 'recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (quoting *Hernandez v. Mesa*, __U.S. __, 137 S. Ct. 2003, 2006 (2017) (citation omitted)). "In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under Rev. Stat. § 1979, 42 U.S.C. § 1983.'" *Iqbal*, 556 U.S. at 675–76 (quoting *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006)). Thus, to state a *Bivens* claim for damages, the plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated,[4]

---

restrictions and conditions of the detention facility," … "those conditions and restrictions [may] not amount to punishment, or otherwise violate the Constitution."); *DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 199 n.6 (1989) ("The Eighth Amendment applies 'only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions....[T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.'" (quoting *Ingraham v. Wright*, 430 U.S. 651, 671–672, n. 40 (1977)).

[4] The Supreme Court has cautioned against expanding *Bivens*' implied right of action into new contexts beyond those already recognized. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Although *Bivens* applies to alleged violations of the Fourth Amendment's protection against unreasonable searches and seizures by federal agents, *see Bivens*, 403 U.S. at 391, and to inadequate medical care claims alleged by a federal inmate's decedents under the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980), it

and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

To the extent Plaintiff continues to seek to hold the MCC liable for damages incurred at the MCC but for allegedly wrongful acts committed by a group of mostly unidentified individual officers, he fails to state a plausible claim for relief. *See Iqbal*, 556 U.S. at 679. A *Bivens* action may only be brought against a federal official in his or her individual capacity. *See Vaccaro v. Dobre*, 81 F.3d 854, 857 (9th Cir. 1996) (a *Bivens* action "can be maintained against a defendant in his or her individual action only, and not in his or her official capacity."). A *Bivens* claim cannot stand against the United States, or any of its departments, offices, or agencies, like the BOP or MCC. *See FDIC v. Meyer*, 510 U.S. 471 (1994). "[T[he purpose of *Bivens* is to deter the officer," not the agency. *Id.* at 485; *see also Lanuza v. Love*, 899 F.3d 1019, 1029–32 (9th Cir. 2018) (noting that a claim for damages based on individualized mistreatment by rank-and-file federal officers is what *Bivens* was meant to address). Indeed, the Supreme Court has held that "[a]n extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself." *Meyer*, 510 U.S. at 486. Therefore, because Plaintiff continues to name the MCC as a Defendant, both his SAC and his Supplemental SAC fail to state a claim

---

remains unclear whether a *Bivens* cause action may be pursued by a federal pretrial detainee alleging excessive force. *See e.g., Williams v. Fed. Bureau of Prisons,* No. CV 19-00081 JMS-KJM, 2019 WL 2518444, at *2 (D. Haw. June 18, 2019) (assuming on screening that *Bivens* applies to pretrial detainee's excessive force and unconstitutional conditions of confinement claims). As before, this Court will continue to assume such a claim may be actionable, and that Plaintiff is not seeking to extend a *Bivens* remedy "to any new context or new category of defendants," *Corr. Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001)—but it makes no express findings in that regard, and assumes so for initial screening purposes only. *See e.g., Reid v. United States*, 825 F. App'x 442, 445 (9th Cir. 2020) (finding federal prisoner's "plausibly pleaded" Eighth Amendment excessive force claims did not "present a new *Bivens* context" under *Abbasi*, and that district court "erred by dismissing th[o]se claims pursuant to the screening requirements of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A."); *Self v. Warden, MCC*, 2019 WL 497731, at *4 & n.4 (S.D. Cal. Feb. 8, 2019) (assuming on screening that *Bivens* applies to pretrial detainee medical care claims); *Iqbal*, 556 U.S. at 677–78 (assuming claims actionable under *Bivens* for purposes of determining whether complaint contained sufficient factual matter, accepted as true, to "state a claim to relief that [wa]s plausible on its face.").

9

3:20-cv-01265-GPC-AHG

upon which *Bivens* relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).

Finally, while Plaintiff now identifies C/O Sandoval as "the first officer who began the beating," together with "four other [still unidentified] C/Os," *see* ECF No. 22 at 4, he nevertheless still fails to allege facts that describe what Sandoval individually *did* or how his or her actions were "excessive" or unreasonable under the circumstances. *See Iqbal*, 556 U.S. at 676; *Abbasi*, 137 S. Ct. at 1860 ("[A] *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others."); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (plaintiff must allege facts sufficient to plausibly show how each defendant personally participated in the deprivation of his constitutional rights).

"[A] pretrial detainee must show … that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). "A court (judge or jury) cannot apply this standard mechanically." *Id.* at 397. Rather, "details … matter[,]" and the inquiry "requires careful attention to the facts and circumstances of each particular case." *Lombardo v. City of St. Louis, Missouri*, __ U.S. __, 141 S. Ct. 2239, 2241 (2021) (citation omitted). Those circumstances include: "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 576 U.S. at 397. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. § 1915(e)(2) or § 1915A. *Ivey*, 673 F.2d at 268; *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (internal quotation marks and alteration omitted)).

Here, while Plaintiff does offer some detail with respect to the extent of his injury, *see* ECF No. 20 at 3, he includes no further factual allegations with respect to any of the remaining *Kingsley* factors, and instead claims only in conclusory fashion that C/O

Sandoval and other "unknown BOP officers" as a group "committed a felony by beating [him]," *see id.* at 8–9, "assaulted [him] on the head and body," and "inflicted 'cruel and unusual punishment'" upon him "while he was 'going to court' on October 14 or 15, 2019." *Id.* at 2. Specifically lacking is any "factual content" that explains or discounts Sandoval's need to use force under the circumstances, identifies any effort or lack of effort Sandoval made to temper or limit the use of force, refutes or proclaims as non-existent any threat to security he may have posed during his transport, *see* ECF No. 20 at 2, or denies any active resistance on his part. *Kingsley*, 576 U.S. at 397; *Iqbal*, 556 U.S. at 678; *see also Williams v. Fed. Bureau of Prisons*, No. CV 19-00081 JMS-KJM, 2019 WL 2518444, at *3 (D. Haw. June 18, 2019) (finding "conclusory claim that a tactical team at FDC Honolulu used excessive force several times" on a pretrial detainee and "forc[ed] [him] into SHU cells where inmates posed a violent risk to [him]," insufficient to state a plausible claim for relief under *Kingsley* because plaintiff failed to "provide[] … facts regarding when [the incident] occurred, why force was needed to move him into cells with other inmates, how [he] responded, what injuries he suffered, [or] what actions were taken before and after the move.").

      Thus, as pleaded, the Court finds Plaintiff's SAC, considered together with his Supplemental SAC, still fails to state a claim upon which *Bivens* relief may be granted and must be dismissed sua sponte pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)(1). *See Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121. At most, Plaintiff now identifies Sandoval as one of the officers who assaulted him and describes his injuries. To state a plausible *Bivens* claim for relief, however, he must provide "more than an unadorned, the defendant-unlawfully-harmed-me accusation," and plead additional "factual content that allows the court to draw the reasonable inference that [Sandoval] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. His currently "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, Plaintiff's letter requesting U.S. Marshal service on C/O Sandoval (ECF No. 25) must also be denied without prejudice as premature.

### E. Leave to Amend

The Court first explained Plaintiff's pleading deficiencies on September 14, 2020, and because it was not absolutely clear he could not allege additional facts to state a plausible *Bivens* claim for relief, granted him leave to amend. *See* ECF No. 4 at 9 (citing *Aktar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). After having four separate extensions of time to amend since, Plaintiff's SAC and his Supplemental SAC still fail to state any plausible claim for relief pursuant to 42 U.S.C. § 1983 or any *Bivens* claim against the MCC. Therefore, the Court finds further amendment with respect to Defendant MCC would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of ... leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

With respect to Plaintiff's excessive force claim against C/O Sandoval pursuant to *Bivens*, however, the Court will grant him one *final* opportunity to amend in order to address the pleading deficiencies identified in this Order. *See Akhtar*, 698 F.3d at 1212 ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that [its] deficiencies … could not be cured by amendment.").

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DISMISSES** both Plaintiff's Second Amended and Supplemental Second Amended Complaints (ECF Nos. 20, 22) for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b);

2) **DENIES** Plaintiff's request for U.S. Marshal service upon C/O Sandoval (ECF No. 25) without prejudice as premature; and

3) **GRANTS** Plaintiff 45 days leave from the date of this Order in which to file a Third Amended Complaint which cures the deficiencies of pleading noted *only with respect to C/O Sandoval and any of other individual MCC or BOP officer he is able to identify as having participated in his alleged assault on October 14 or 15, 2019.* Plaintiff's Third Amended Complaint must be complete by itself without reference to any of his previous complaints. Any Defendant not named and any claim not re-alleged in the Third Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file his Third Amended Complaint within 45 days, the Court will enter a final Order dismissing this civil action based both on his failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated: October 18, 2021

Hon. Gonzalo P. Curiel
United States District Judge