UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MARCELO LARIOS FERNANDEZ BOP #87515-298,

Plaintiff,

vs.

METROPOLITAN CORRECTIONAL CENTER; C/O SANDOVAL,

Defendants.

Case No.: 3:20-cv-01265-GPC-AHG

**ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL**

**[ECF No. 28]**

On October 18, 2021, the Court dismissed Plaintiff Marcelo Larios Fernandez's Second Amended Complaint ("SAC") *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), but granted him 45 days leave in which to file a Third Amended Complaint against "C/O Sandoval and any [] other individual MCC or BOP officer he is able to identify as having participated in his alleged assault [at MCC] on October 14 or 15, 2019." *See* ECF No. 26 at 13. Because Plaintiff is proceeding pro se, the Court's October 18, 2021 Order thoroughly provided him with notice of his SAC's pleading deficiencies, explained the legal standards governing his claims, and granted him time and one final opportunity to provide further factual allegations with respect to his excessive force claims in a Third Amended Complaint ("TAC"), which is not due until December 1,

2021. *See id.* at 8–12. Plaintiff has yet to file his TAC, but has since filed an Application for Appointment of Counsel. *See* ECF No. 28.

**I. Application for Appointment of Counsel**

Plaintiff has been granted leave to proceed *in forma pauperis* in this case pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 4. He claims the appointment of counsel would help resolve the matter because the "intricacies of law & civil court are beyond [his] understanding," and he will "most definitely lose [his] case without professional help." *See* ECF No. 28 at 1.

However, there is no constitutional right to counsel in a civil case. *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). And while 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004), this discretion may be exercised only under "exceptional circumstances." *Id.*; *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires the Court "to consider whether there is a 'likelihood of success on the merits' and whether 'the prisoner is unable to articulate his claims in light of the complexity of the legal issues involved.'" *Harrington v. Scribner*, 785 F.3d 1299, 1309 (9th Cir. 2015) (quoting *Palmer*, 560 F.3d at 970). As presented in his First and Second Amended Complaints, Plaintiff's excessive force claims fail to demonstrate either a likelihood of success on the merits or the legal complexity required to warrant appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *See Terrell*, 935 F.3d at 1017; *Palmer*, 560 F.3d at 970.

First, while Plaintiff may not be formally trained in law, his allegations, as liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), show he nevertheless is fully capable of articulating the facts and circumstances relevant to his purported cause of action, which does not at this stage of the case appear to be legally complex. *Agyeman*, 390 F.3d at 1103; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("[T]he need for . . . discovery does not necessarily qualify the issues involved as 'complex.'").

Plaintiff claims he is likely to lose if he is not represented. *See* ECF No. 28 at 1. Indeed "any pro se litigant certainly would be better served with the assistance of counsel." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998). But that is not the test, and Plaintiff has already demonstrated his ability to petition the court for relief via multiple letters and motions for extension of time, a request for expedited discovery, a motion for U.S. Marshal service, and a notice of change of address. *See, e.g.*, ECF Nos. 6, 9, 12, 13, 16, 23, 25; *Rand*, 113 F.3d at 1525 (finding appointment of counsel not warranted where pro se litigant's "papers were generally articulate and organized," despite the fact that they "they did not achieve the quality of papers that might have been prepared by a lawyer."); *Bernhardt v. Cty. of Los Angeles*, No. CV 99-10121-GHK (MC), 2005 WL 8165401, at *1 (C.D. Cal. Apr. 15, 2005) (denying appointment of counsel where pro se litigant claimed she was "likely to lose th[e] case simply because of her inability to prosecute her important claims absent representation by a lawyer.").

Second, for the reasons discussed fully in the Court screening Orders, Plaintiff's claims required *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See* ECF Nos. 4, 26. Thus, while he has been granted leave to amend his claims in his TAC, it is simply too soon to tell whether he will be likely to succeed on the merits of any excessive force claim for relief against C/O Sandoval or any other MCC or BOP official he has yet to identify. *See e.g.*, *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (affirming denial of counsel where prisoner could articulate his claims in light of the complexity of the issues involved, and did not show likelihood of succeed on the merits); *Atwood v. Burke*, No. 17cv1315-MMA (BLM), 2018 WL 5784803, at *1 (S.D. Cal. Nov. 5, 2018) (denying motion for appointment of counsel in part because likelihood of success on the merits was not clear at the preliminary stage of proceedings); *Garcia v. Smith*, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (noting that even if claims survive a motion to dismiss, it is often "too early to determine the likelihood of success on the merits" at the pleading stage).

## II. Conclusion and Order

For these reasons, the Court finds Plaintiff has failed to demonstrate the exceptional circumstances required by 28 U.S.C. § 1915(e)(1) and **DENIES** his Application for Appointment of Counsel (ECF No. 28) without prejudice.[1]

**IT IS SO ORDERED**.

Dated: November 16, 2021

Hon. Gonzalo P. Curiel
United States District Judge

[1] Plaintiff is reminded that his Third Amended Complaint must be filed on or before **December 1, 2021**, and that it must address all the deficiencies of pleading noted in the Court's October 18, 2021 Order. Given the multiple opportunities to amend and generous extensions of time already provided to Plaintiff in this case, no further leave to amend will be granted. *See* ECF No. 26 at 12 (granting Plaintiff "one *final* opportunity to amend.") (emphasis original).