UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ, Reg. No. 87515-298,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MCC, Metropolitan Correctional Center; C/O SANDOVAL, John DOES 1-4,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 3:20-cv-01265-GPC-AHG<br><br>**ORDER DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF THIRD AMENDED COMPLAINT UPON DEFENDANT C/O SANDOVAL PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

**I.　　Procedural History**

On October 18, 2021, the Court dismissed Plaintiff Marcelo Larios Fernandez's Second Amended Complaint ("SAC") *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), but granted him leave in which to file a Third Amended Complaint against "C/O Sandoval and any [] other individual MCC or BOP officer he is able to identify as having participated in his alleged assault [at MCC] on October 14 or 15, 2019." *See* ECF No. 26 at 13. Because Plaintiff is proceeding pro se, the Court's Order provided him with notice of his SAC's pleading deficiencies, explained the legal standards governing his claims, and granted him time and one final opportunity to plead further factual allegations with respect to his excessive force claims in a Third Amended Complaint ("TAC"). *See id.*

1

at 8–12. Plaintiff has since filed his TAC seeing damages pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and naming only C/O Sandoval and John Does 1–4 as parties. *See* ECF No. 30 at 2. While the caption of his TAC also lists the MMC (Metropolitan Correctional Center) as a Defendant, *id.* at 1, 12, the Court has previously dismissed Plaintiff's claims against the MCC, and has denied him leave to amend as to the MCC. *See* ECF No. 26 at 12.

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

As Plaintiff now knows, his TAC, like his original, First, and Second Amended Complaints, requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

/ / /

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.     Factual Allegations**

On October 15, 2019, at approximately 7:30 a.m., Plaintiff alleges he was placed in "the care and custody of [] 4 unnamed officers & C/O Sandoval," and searched "by an unnamed officer on the 2d Floor" of the MCC in San Diego prior to his transport for a scheduled court date.[1] *See* TAC at 12. Plaintiff alleges the unnamed officer ordered him to remove his jumpsuit and other clothing "per normal searching guidelines," but Plaintiff had "trouble removing [his] jumpsuit." *Id.* The officer "responded with shouting & verbal abuses," was "annoy[ed]" Plaintiff was unable to timely comply with his requests, and solicited C/O Sandoval's "assistance in completing the search of [Plaintiff's] person." *Id.*

After Sandoval arrived, Plaintiff alleges he was removed to a "laundry room" where Sandoval "forcefully assisted in the removal of [Plaintiff's] clothes" and the search of his person. *Id.* at 13. Once the search was complete, Plaintiff alleges he was re-cuffed, and moved to a different room, where he was "made to wait for approximately one and a half

---

[1] Plaintiff was arrested on September 16, 2019, at the San Ysidro Port of Entry by a Customs and Border Protection Officer and charged with importation of a controlled substance in violation of 21 U.S.C. §§ 952 and 960. *See United States v. Larios-Fernandez*, 3:19-cr-04102-BAS-1 (ECF No. 1). On September 23, 2019, he was ordered detained pending trial in that case. *Id.*, *see also* ECF No. 10. The case was dismissed on the government's oral motion on January 10, 2020. *Id.*, ECF No. 26. On January 9, 2020, however, Plaintiff was indicted by a federal grand jury on one count of importation of heroin in violation of 21 U.S.C. §§ 952 and 960 in the related case entitled *United States v. Marcelo Larios-Fernandez*, 3:20-cr-0162-BAS-1. *See id.*, ECF Nos. 1, 2; *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

hours." *Id.*

When Sandoval and the "4 unnamed officers" returned, Plaintiff complained his handcuffs were too tight, and requested that they be adjusted. *Id.* "After his request C/O Sandoval & the 4 unnamed officers proceeded to throw [Plaintiff] to the floor, kick [him] in [his] body & face, punch [him] in the head, and generally beat [him] & abuse [him]." *Id.* Plaintiff claims to have sustained a concussion, injuries to his left eyebrow, and "cuts & bruises [to] both wrists where [he] was bound." *Id.*

After the "beating," Plaintiff was "moved to the 3d floor" where he was "seen by C/O Castro" who made an incident report, and who "took pictures and C/O Sandoval's statement." *Id.* at 5, 13.[2] Plaintiff was then transported to his "scheduled court date." *Id.* at 13. On the next morning, however, Plaintiff alleges he was transported to Paradise Valley Hospital "due to [his] injuries" from the day before. *Id.* Plaintiff claims his injuries were so severe he remained in the hospital for 13 days, and "missed [his] following court date due to [his] hospitalization and rehabilitation." *Id.* He seeks $2 million in general and punitive damages "due to the trauma[,] pain and suffering" he endured. *Id.* at 5.

As the Court noted in its previous screening Orders, in order to state an excessive force claim as a pretrial detainee, Plaintiff must plead factual content sufficient to plausibly show that individual Defendants "purposely or knowingly" employed force against him in an "objectively unreasonable" manner. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015); *Iqbal*, 556 U.S. at 678. Objective reasonableness turns on the "facts and circumstances of each particular case." *Kingsley*, 576 U.S. at 397 (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)); *see also Hyde v. City of Willcox*, __ F. 4th __, No. 21-15142, 2022 WL 55542, at *3 (9th Cir. Jan. 6, 2022). Those facts and circumstances include "the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit

---

[2] Plaintiff does not name C/O Castro as a party and does not allege Castro was one of the 4 unnamed officers who beat him.

the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley,* 576 U.S. at 397; *Hyde*, 2022 WL 55542, at *4.

As currently pleaded, the Court now finds Plaintiff's TAC alleges a plausible excessive force claim against C/O Sandoval sufficient to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *see also Hyde*, 2022 WL 55542, at *4 (finding allegations that officers employed a Taser and head restraint against a pretrial detainee who was already on his knees, cuffed, and surrounded by several officers sufficient to state an excessive force claim under *Kingsley*). Therefore, the Court will order U.S. Marshal service upon C/O Sandoval on Plaintiff's behalf.[3] *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

///

---

[3] Plaintiff must, of course, identify the Defendants currently described only as ""Does 1–4" by their true names and substitute those individual persons as parties before the U.S. Marshal will be ordered to serve them. *See Aviles v. Village of Bedford Park*, 160 F.R.D. 565, 567 (1995) (Doe defendants must be identified and served within [90] days of the commencement of the action against them); Fed. R. Civ. P. 15(c)(1)(C) & 4(m). Generally, Doe pleading is disfavored, *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and in most instances it is impossible for the United States Marshal to serve a party identified only as a Doe. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant."); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (noting that "[a]s a practical matter, the United States Marshal cannot serve a summons and complaint on an anonymous defendant."). However, the Court will not dismiss Does 1–4 as Defendants at this time because where the identity of parties is not known prior to filing of an action, Ninth Circuit authority permits Plaintiff the opportunity to pursue appropriate discovery to identify the unknown Does, unless it is clear that discovery would not uncover their identity, or his pleading requires dismissal for other reasons. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642).

### III. Conclusion and Orders

Based on the foregoing, the Court:

1. **DIRECTS** the Clerk of the Court to terminate Defendant MCC, Metropolitan Correctional Center as a party to this case.

2. **DIRECTS** the Clerk of the Court to issue a summons as to Plaintiff's Third Amended Complaint (ECF No. 30) upon Defendant C/O SANDOVAL and to forward it to Plaintiff along with a blank U.S. Marshal Form 285.[4] In addition, the Clerk will provide Plaintiff with certified copies of this Order, his Third Amended Complaint, and the summons so that he may serve Defendant SANDOVAL. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, include an address where service upon SANDOVAL is to be made, *see* S.D. Cal. CivLR 4.1(c), and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

3. **ORDERS** the U.S. Marshal to serve a copy of the Third Amended Complaint and summons upon Defendant SANDOVAL as directed by Plaintiff on the USM Form 285, and to promptly file proof of that service service, or proof of any attempt at service returned executed, with the Clerk of Court. *See* S.D. Cal. CivLR 5.2. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

4. **ORDERS** Defendant SANDOVAL, once served, to reply to Plaintiff's Third Amended Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has

---

[4] Because Plaintiff is suing an officer or employee of the United States in both his individual and official capacity, *see* TAC, ECF No. 30 at 2, he must also serve the United States. *See* Fed. R. Civ. P. 4(i)(1), (3). Therefore, the Clerk will include in Plaintiff's IFP package two separate copies of this Order, summons, Plaintiff's Third Amended Complaint, and additional blank USM Form 285s for Plaintiff's use in serving the United States via the United States Attorney for the Southern District of California, and the Attorney General of the United States in Washington, D.C. *See* Fed. R. Civ. P. 4(i)(1)(A)(i), (B).

conducted its *sua sponte* screening pursuant to 28 U.S.C. § 1915(e)(2), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

5.      **ORDERS** Plaintiff to serve upon Defendant SANDOVAL or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff must also include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document filed was also served on Defendants, or counsel for Defendants, and the date of such service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED**.

Dated:  January 25, 2022

Hon. Gonzalo P. Curiel
United States District Judge