UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO LARIOS FERNANDEZ, Reg. No. 87515-298,<br><br>    Plaintiff,<br><br>v.<br><br>MCC, Metropolitan Correctional Center; C/O SANDOVAL, John DOES 1-4,<br><br>    Defendants. | Case No.: 3:20-cv-01265-GPC-AHG<br><br>**ORDER FOLLOWING ORDER TO SHOW CAUSE AND DISMISSING CIVIL ACTION FOR FAILURE TO SERVE** |

On November 30, 2022, the Court issued an order to show cause why the third amended complaint should not be dismissed for failing to effect service pursuant to Federal Rule of Civil Procedure ("Rule") 4(m) and directed that Plaintiff file a response on or before December 23, 2022. (Dkt. No. 36.) To date, Plaintiff has not filed a response.

On November 26, 2021, Plaintiff, proceeding pro se and in forma pauperis, filed the operative third amended complaint ("TAC"). (Dkt. No. 30.) On January 25, 2022, upon screening of the TAC pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court concluded that the TAC alleged a plausible claim against Defendant C/O Sandoval and directed the U.S. Marshal to effect service of the TAC upon Defendant C/O Sandoval pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3). (Dkt. No.

32.)  On September 19, 2022, the U.S. Marshal filed USM 285 or Process, Receipt and Return, indicating that it was not able to locate Defendant C/O Sandoval at the addressed provided by Plaintiff.  (Dkt. No. 35.)  While a plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, he is responsible for providing the information, such as an address, needed to effectuate service. *See Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990).  Plaintiff has filed to provide an updated or corrected address and has failed to seek relief from his failure to effect service on Defendant C/O Sandoval.

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Here, Plaintiff was advised of his obligation to serve process, was given an opportunity to seek relief from his failure to effect service, and failed to respond to the order to show cause.  Accordingly, Court DISMISSES this civil action in its entirety based on Plaintiff's failure to effect service pursuant to Rule 4(m).

The Court further CERTIFIES that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and DIRECTS the Clerk to enter a final judgment of dismissal and close the file.

IT IS SO ORDERED.

Dated:  May 9, 2023

Hon. Gonzalo P. Curiel
United States District Judge